(153 App. Div. 451.)

## CONNORS v. COLLINS.

(Supreme Court, Appellate Division, Third Department. November 22, 1912.)

MALICIOUS PROSECUTION (§ 18*)—PERJURY—TESTIMONY—PROBABLE CAUSE.

Where a witness swore that he was present during a conversation, and that he had no recollection of that part of the conversation to which the defendant swore, which was material testimony, the defendant had probable cause for causing his arrest for perjury, if he in fact was not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

present; but, if he was present with defendant's knowledge, his testimony to want of recollection would not justify his arrest.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 23, 24, 29–38; Dec. Dig. § 18.*]

Betts, J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by James J. Connors against Edward Collins. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

J. W. Atkinson, of Waterford, for appellant.
Neile F. Towner, of Albany, for respondent.

SMITH, P. J. In the trial of an action brought by this defendant against the Ft. Orange Construction Company a material issue was presented as to a conversation occurring at a certain time between one Dumary and defendant Collins; Collins swearing to the conversation which, if true, would have been material to his cause of action, and Dumary denying that such a conversation took place. This plaintiff was called as a witness upon that trial by defendant, and said that he was present at that conversation, and stated certain things that were there said, and further swore, in substance, that he had no recollection of that part of the conversation to which Collins swore and which was denied by Dumary. The effect of the plaintiff's testimony was to negative the fact that such conversation did occur, and to corroborate Dumary in his denial thereof. Thereafter this defendant caused Collins to be arrested for perjury in testifying that conversation did not occur. Upon the hearing before the magistrate the stenographer's minutes were produced, which showed that plaintiff's testimony was to the effect that he did not remember that part of the conversation. The plaintiff was then released by the magistrate, apparently upon the ground that the plaintiff's evidence was not sufficiently material to subject him to a charge of perjury if false. Thereupon plaintiff brought this action against the defendant for malicious prosecution in causing his arrest. The learned trial judge submitted to the jury the question as to whether the plaintiff's evidence upon the trial of Dumary against this defendant should fairly be construed as a denial of the fact that the conversation sworn to by Collins took place. The jury found for .the plaintiff, and rendered a verdict for the sum of $1,000. From the judgment entered upon this verdict, and from the order denying the motion for a new trial, this appeal is taken.

We are of the opinion that the testimony of this plaintiff upon that trial was as matter of law material testimony, and should have been so held by the learned trial court. If the plaintiff was not present at the time of such conversation, this defendant had probable cause for his prosecution. If he were present, and defendant knew it, the testimony that he did not remember the conversation would

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hardly have been sufficient, under the facts as they here appear, to have justified the defendant in causing the arrest.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except BETTS, J., who dissents.